IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BETH BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 03-PT-0559-M |
| ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY; TOM MCLEOD ) | |
| SOFTWARE CORPORATION GROUP ) | |
| DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |

**FILED 03 MAY -6 PM 3:05 U.S. DISTRICT COURT N.D. OF ALABAMA**

**ENTERED MAY 6 2003**

## MEMORANDUM OPINION

This cause comes on to be heard upon defendants Continental Casualty Company ("Continental") and Tom McLeod Software Corporation Group Disability Plan's ("the Plan") Motion to Dismiss, filed on April 1, 2003.

### FACTS AND PROCEDURAL HISTORY

Plaintiff Beth Brewer ("Brewer") was employed by Tom McLeod Software Corporation. Continental, through the Plan, issued disability policy number 83119055 through a group insurance plan for employees of Tom McLeod Software Corporation. Brewer paid her premiums and was enrolled in the Plan. Benefits pursuant to the Plan were available to Brewer at all times relevant to this lawsuit. As part of the Plan, Continental provided Brewer with coverage for loss of income as a result of physical disability.

Brewer is currently 33 years old and suffers from total disability secondary to a three level lumbar fusion with rods and other hardware placement. Brewer has undergone surgery for lumbar laminectomy, bilateral fasciectomies, complete decompresive discectomy, posterior

/0

lumbar interbody fusion, and Ray cages in her lumbar spine. She suffers from intractable lumbar and thoracic pain and left lower extremity radiculopath which has failed to respond to invasive interventions. Brewer suffers from chronic pain and has received numerous nerve blocks and injections for pain management. Her treating physician has recommended a morphine pump to assist in the control of her chronic and debilitating pain.

Brewer filed a claim for benefits under the Plan through Continental. On or around November 7, 2001, Brewer's treating physician submitted a letter to Continental and diagnosed Brewer with physical limitations precluding her from returning to work. Brewer initially received disability benefit payments from Continental for the period from July 10, 2001 to August 12, 2001. On March 13, 2002, Continental canceled Brewer's disability benefits. Brewer had several discussions with Continental employees during the appeals process, including employee Charles Nizolek ("Nizolek"). Nizolek made derogatory and outrageous comments to Brewer subsequent to the claim being denied. Brewer contends that these comments were designed to distract and discourage her from pursuing her appeal. On November 15, 2002,[1] Brewer's administrative appeal for benefits was again denied by Continental. Brewer has now exhausted her administrative remedies.

Brewer filed this lawsuit on March 12, 2003. In her sole count, Brewer alleges violations of the Employee Retirement Income Security Act ("ERISA"). Specifically, she alleges that Continental had a duty to pay her benefits under the Plan. Brewer also alleges that Continental pays claims out of its own assets and therefore is operating under a conflict of interest. Brewer alleges that Continental and the Plan are fiduciaries (or carry out fiduciary responsibilities) under

---

[1] The complaint states that it was November 15, 2001.

2

ERISA, and that they "knowingly and intentionally violated the provisions of ERISA, including but not limited to 29 U.S.C. § 1132 and 29 U.S.C. § 1105." Compl. at ¶ 23. Defendants now seek to dismiss and/or strike any portion of the complaint that alleges and/or seeks individual recovery for a breach of fiduciary duty.

## LEGAL STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Dismissal under Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## ARGUMENTS

### I. Defendants' Position[2]

Defendants cite *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985), and *Varity Corp. v. Howe*, 516 U.S. 489 (1996) as standing for the proposition that a participant does not have an action for individual recovery for breach of fiduciary duty for an improper denial of benefits, because ERISA provides an express remedy for the recovery of benefits. *See* 29 U.S.C.

---

[2]Defendants note that, in her complaint, Brewer cites 29 U.S.C. § 1105, which involves fiduciary liability. Their whole argument is premised on the belief that § 1132(a)(3) provides the only mechanism for obtaining *individual* relief for a breach of fiduciary duty. *See Varity Corp. v. Howe*, 516 U.S. 489, 512-13 (1996).

3

§ 1132(a)(1)(B). As stated in *Varity Corp.*,

> Such a reading is consistent with §502's [§1132's] overall structure. Four of that section's six subsections focus upon specific areas, i.e., the first (wrongful denial of benefits and information), the second (fiduciary obligations related to the plan's financial integrity), the fourth (tax registration), and the sixth (civil penalties). The language of the other two subsections, the third and the fifth, creates two "catchalls," providing "appropriate equitable relief" for "any" statutory violation. This structure suggests that these "catchall" provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy.

516 U.S. at 512. As further stated by the court,

> [Section 1132(a)(3)] authorizes "appropriate" equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."
>
> But that is not the case here. The plaintiffs in this case could not proceed under the first subsection because they were no longer members of the Massey-Ferguson plan and, therefore, had no "benefits due [them] under the terms of [the] plan." § 502(a)(1)(B). They could not proceed under the second subsection because that provision, tied to § 409, does not provide a remedy for individual beneficiaries. They must rely on the third subsection or they have no remedy at all.

516 U.S. at 515 (citations omitted). Defendants also cite *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257-58 (1993), as holding that 29 U.S.C. § 1132(a)(3) does not provide for the recovery of money damages; rather, it provides for relief such as mandamus, injunction, or restitution, none of which Brewer is seeking in this case. She is seeking recovery of benefits, which is clearly covered by § 1132(a)(1)(B). *See Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc.*, 102 F.3d 712, 714-16 (4th Cir. 1996)("Section 502(a)(3) provides for relief apart from an award of benefits due under the terms of a plan. When a beneficiary simply wants what was

4

supposed to have been distributed under the plan, the appropriate remedy is § 502(a)(1)(B).") (citation omitted). *See also Short v. Am. Cast Iron Pipe Co.*, 961 F. Supp. 261, 265-66 (N.D. Ala. 1997)(same).[3]

## II. Plaintiff's Response

Brewer notes that ERISA provides that fiduciaries "shall discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries," and that fiduciaries will act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. §§ 1104(a)(1)(A)(i), (a)(1)(B). ERISA also provides that a fiduciary who breaches its responsibilities shall be personally liable for any losses incurred. *See* 29 U.S.C. §§ 1104-1109. ERISA defines a fiduciary as someone with discretionary authority over the administration of the plan, and states that a plan administrator is performing a fiduciary act when making a discretionary decision about benefits. *See* 29 U.S.C. §§ 1002(21)(A), 1104(a)(1)(D). *See also Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 827 (11th Cir. 2001). Under these definitions, Brewer argues, the defendants are fiduciaries. *See* Pl. Br. at 6.

Brewer also argues that when an insurance company pays benefits from its own assets, its fiduciary role is in conflict with its profit making role, creating a strong conflict of interest. *See Brown v. Blue Cross & Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1561 (11th Cir. 1990). In these cases, Brewer contends, courts use a "modified abuse of discretion" standard of review

---

[3]Defendants cite other cases with similar holdings. *See* Def. Br. at 6-7.

5

when looking at the administrator's decisions. As stated in *Brown*, "the inherent conflict between the fiduciary role and the profit-making objective of an insurance company makes a highly deferential standard of review inappropriate." *Id.* at 1562. *See also Brown*, 898 F.2d at 1564, 1566-68 (discussing the application of the modified standard). Brewer also cites from *Firestone Tire & Rubber Co. v. Burch*, 489 U.S. 101 (1989), in which the court stated that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Id.* at 115 (citation omitted).[4]

### III. Defendant's Reply

After restating their original argument, that Brewer cannot proceed under alternate theories of recovery, defendants make some general observations. First, they contend that Brewer's arguments, while correct, are premature at this stage of the litigation. The issue is not whether defendants were fiduciaries or what standard of review the court is to use. The issue is whether a plaintiff who brings a claim for denial of benefits can bring a viable alternative claim of breach of fiduciary duty when her case is clearly covered by 29 U.S.C. § 1132(a)(1)(B).[5]

Defendants also attempt to distinguish *Hamilton v. Allen-Bradley Co.*, cited by Brewer. In *Hamilton*, defendants contend, the lawsuit was against the employer, not the insurance company, as is the case here. The plaintiff sued her employer for breach of fiduciary duty, because the employer had failed to timely deliver her insurance application, which caused her application to be denied. The court allowed the plaintiff to sue under § 1132(a)(3), but only

---

[4]Brewer argues that her case is similar to *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321 (11th Cir. 2001).

[5]Defendants concede that Brewer has a viable claim under § 1132(a)(1)(B), although they contest liability.

because she could not recover her benefits from the employer under § 1132(a)(1)(B). Here, Brewer can (theoretically) recover from defendants under § 1132(a)(1)(B).

Finally, defendants cite *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999), in which the court stated that

> The district court dismissed Counts II through IV of Mrs. Katz' complaint without examining the merits of her equitable claims. Under its interpretation of *Varity*, it concluded that an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B), cannot alternatively plead and proceed under § 1132(a)(3). Therefore Mrs. Katz was limited to her section (a)(1) claim. The district court based its holding upon two reasons: (1) that Congress had provided adequate relief for Mrs. Katz' alleged injury elsewhere; and (2) that section (a)(3) was merely meant to be a "catchall" provision, providing relief only for injuries not otherwise adequately provided for by ERISA. This circuit has interpreted *Varity* similarly.

*Id.* at 1088 (citations and footnote omitted).

## CONCLUSIONS OF THE COURT

It appears to the court that the plaintiff is confusing the heightened arbitrary and capricious standard of review when a court examines a benefits claim under § 1132(a)(1)(B), with stating a cause of action separate from a benefits claim. Under Supreme Court precedent and the law of this circuit, the latter is not allowed. In her complaint, plaintiff seeks payment of benefits, costs, interest, attorney's fees, and "such other relief" as the court deems appropriate. Her claim clearly falls under the provisions of § 1132(a)(1)(B). Under *Varity*, *Katz*, and other cases, she cannot alternatively seek relief by alleging a breach of fiduciary duty.

At later stages of the litigation, it may become appropriate to examine whether the defendants were fiduciaries and whether they operated under a conflict of interest. However, in light of her present allegations and prayers for relief, plaintiff's claim may be brought only under § 1132(a)(1)(B). The motion will be granted.

This \_\_\_5th\_\_\_ day of May, 2003.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

8